UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY a/s/o Performance Yacht Sales, Corp.<br><br>　　　　Plaintiff,<br><br>v.<br><br>BLUENOSE YACHTS, L.P. d/b/a BLUENOSE YACHT SALES and d/b/a BLUENOSE YACHTS ANNAPOLIS, and, THREE SHEETS YACHTING, LLC, and, STEVEN ROSS<br><br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    CIVIL ACTION NO.: 18-cv-472<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff North American Specialty Insurance Company, as subrogee of Performance Yacht Sales, Corp., by and through its undersigned counsel, and for its Complaint against Defendant, Bluenose Yachts, L.P., Three Sheets Yachting, LLC, and Steven Ross, states as follows, upon information and belief:

## PARTIES

1.　　Plaintiff North American Specialty Insurance Company ("North American Specialty") is a corporation organized under the laws of the state of New Hampshire, with its principal place of business located at 5200 Metcalf Ave., Overland Park, KS, 66202, and at all times material hereto was authorized to issue policies of insurance.

1

2. Defendant Bluenose Yachts, L.P., d/b/a Bluenose Yacht Sales and d/b/a Bluenose Yachts Annapolis ("Bluenose Yachts") is a limited partnership organized under the laws of Rhode Island, with its principal place of business located at One Commercial Wharf, Newport, Rhode Island, and at all material times hereto is engaged in the operation, purchase and sale of yachts and sailboats, and upon information and belief, each of its partners is domiciled in Rhode Island.

3. Defendant Three Sheets Yachting, LLC ("Three Sheets Yachting") is a business entity organized and existing under the laws of Maryland, with its principal place of business located at 3631 Queen Anne Bridge Rd., Davidsonville, Maryland 21035, and at all material times hereto was engaged in the operation and sale of yachts and sailboats, and upon information and belief, each of its members is domiciled in Maryland.

4. Defendant Steven Ross is an individual, and upon information and belief, is domiciled in Maryland and resides at 3631 Queen Anne Bridge Rd., Davidsonville, Maryland 21035, and at all times material hereto, was engaged in the operation and sale of yachts and sailboats.

## JURISDICTION

5. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 in that this is an action between citizens of different states and the amount in controversy, exclusive of costs and interests, exceeds the sum of Seventy-Five Thousand Dollars ($75,000).

6. Venue is properly laid in this judicial district because the events giving rise to this action occurred in this judicial district.

## FACTUAL ALLEGATIONS

7. At all times material hereto, NASIC's insured, Performance Yacht Sales, Corp., d/b/a Salona America ("Performance Yacht"), owned the sailboat identified as Salona 41, with Hull Identification Number ("HIN") HR-ADB41033G414 (hereinafter the "Sailboat").

8. At all times material hereto, North American Specialty provided property insurance to Performance Yacht for the Sailboat, pursuant to policy number 50M4001073-00 (the "Policy").

9. Prior to September 25, 2016, the Sailboat was brought to Rhode Island for the Newport International Boat Show.

10. Defendant Bluenose Yacht was attempting to sell the Sailboat on behalf of Performance Yacht to a prospective purchaser in Rhode Island on or about September 25, 2016.

11. In Defendant Bluenose Yacht's effort to sell the Sailboat, it was taken for a test-sail in Narragansett Bay, Rhode Island, on or about September 25, 2016.

12. On or about September 25, 2016, the Sailboat was in the custody and/or possession of Bluenose Yacht, Three Sheets Yachting, and/or Steven Ross.

13. At all times material hereto, defendant Steven Ross was an employee of Bluenose Yacht and/or Three Sheets Yachting.

14. On or about September 25, 2016, Bluenose Yacht employed, engaged, retained, subcontracted, instructed, required, and/or otherwise permitted defendant Three Sheets Yachting and/or Steven Ross to captain, drive, sail, master, and/or operate the Sailboat in Narragansett Bay, Rhode Island.

LEGAL\36882488\1

15. On or about September 25, 2016, during the test-sail, the Sailboat was grounded on rocks and/or bottom while motor sailing, which caused severe and extensive damage to the Sailboat (the "Incident").

16. At the time of the Incident, the Sailboat was captained, driven, sailed, mastered, and/or operated by Bluenose Yachts.

17. At the time of the Incident, the Sailboat was captained, driven, sailed, mastered, and/or operated by Three Sheets Yachting.

18. At the time of the Incident, the Sailboat was captained, driven, sailed, mastered, and/or operated by Steven Ross.

19. At the time of the Incident, Defendant Steven Ross was an employee, agent, and/or acting on behalf of Bluenose Yacht.

20. At the time of the Incident, Defendant Steven Ross was an employee, agent, and/or acting on behalf of Three Sheets Yachting.

21. At the time of the Incident, Defendant Three Sheets Yachting was an agent and/or acting on behalf of Bluenose Yacht.

22. As a result of the Incident, the Sailboat suffered substantial and significant damage.

23. Pursuant to the terms of the Policy, plaintiff North American Specialty paid its insured $149,259.18 for the damage to the Sailboat.

24. In accordance with the common law principles of legal and equitable subrogation and the terms of the Policy, Plaintiff North American Specialty is subrogated to the rights of its insured, Performance Yacht, with respect to its claim against the defendants.

## COUNT I
## NEGLIGENCE

**North American Specialty vs. Defendants Blue Nose Yacht, Three Sheets Yachting, and Steven Ross**

25. Plaintiff incorporates the previous allegations by reference as though each were fully set forth at length herein.

26. At all times relevant hereto, defendants owed Plaintiff's insured a duty to direct its actions so as not to injure or to allow injury to Plaintiff's insured or its property.

27. The aforementioned Incident and resulting damages sustained by Plaintiff's insured were caused by the negligence, gross negligence, carelessness, recklessness, and/or negligent acts and/or omissions of the defendant, its agents, servants, and/or employees acting within the scope of their employment, both in general and in the following:

   a. Failing to maintain a proper lookout;

   b. Failing to proceed at an appropriate speed so as to take action to avoid collision and/or grounding;

   c. Failing to avoid grounding the Sailboat;

   d. Failing to avoid collision with rocks;

   e. Failing to take reasonable care under the circumstances;

   f. Entrusting the Sailboat's operation to an unqualified individual;

   g. Violating state and/or federal law, statutes, regulations, and/or practices;

   h. Failing to recognize an impending danger and take action;

   i. Failing to properly use navigational aids and systems aboard the Sailboat;

   j. Failing to operate, control, and maneuver the Sailboat in a safe and appropriate manner;

    k.  Failing to recognize and/or identify potential hazards in Narragansett Bay;

    l.  Failing to properly plan and/or chart navigation of the Sailboat in Narragansett Bay;

    m.  Failing to use reasonable care in operation of the Sailboat;

    n.  Otherwise careless and negligent.

28.    As a direct and proximate result of defendants' breach of the aforesaid negligence, the Incident occurred and resulted in significant damages.

WHEREFORE, plaintiff demands judgment against the defendants in the amount of $149,259.18, together with interest and costs, and any other relief this Court deems appropriate.

## COUNT II
## BAILMENT

**North American Specialty vs. Defendants Blue Nose Yacht, Three Sheets Yachting, and Steven Ross**

29.    Plaintiff incorporates the previous allegations by reference as though each were fully set forth at length herein.

30.    The defendants voluntarily took possession and control of the Sailboat.

31.    By taking possession and control of the Sailboat, the defendants were under a duty to exercise reasonable care in the protection and preservation of the Sailboat.

32.    The defendants failed to exercise reasonable care in the protection and preservation of the Sailboat.

33.    As a result of the defendants' failure to exercise reasonable care, Plaintiff has suffered significant damages.

LEGAL\36882488\1

WHEREFORE, plaintiff demands judgment against the defendants in the amount of $149,259.18, together with interest and costs, and any other relief this Court deems appropriate.

        Respectfully,

        */s Thomas W. Lyons*
        Thomas W. Lyons
        Bar No.: 2946
        Strauss, Factor, Laing, & Lyons
        One Davol Sq., Suite 305
        Providence, RI 02903
        P: (401) 400-4416
        T: (401) 421-4730
        tlyons@straussfactor.com

Co-counsel:
Michael D. O'Donnell
*To move for PHV admission*
Cozen O'Connor
1650 Market St., Suite 2800
Philadelphia, PA 19103
P: (215) 665-6932
T: (215) 701-2133
mdodonnell@cozen.com